MATTER OF BLAIR

In Section 214(d) Proceedings

A-19598072

*Decided by Regional Commissioner May 30, 1972*

An alien who was admitted to the United States as the fiancee of a United States citizen upon presentation of a nonimmigrant visa issued under the provisions of section 101(a)(15)(K) of the Immigration and Nationality Act, as amended, upon the basis of an approved petition filed in her behalf pursuant to section 214(d) of the Act, and who concluded a valid marriage to the citizen petitioner within three months after entry, is statutorily eligible for the creation of a record of lawful admission for permanent residence notwithstanding the death of the citizen petitioner subsequent to the marriage and prior to the filing of her application for creation of a record of admission for permanent residence.

The District Director approved the application and certified this case to me for review and final decision.

The facts in this case are well stated in the District Director's decision. The applicant is a Japanese national born in Okinawa on November 19, 1949. On October 26, 1971, her now deceased husband, a citizen of the United States by birth and sergeant in the United States Air Force, filed a petition in her behalf pursuant to section 214(d) of the Act to classify applicant as a fiancee under section 101(a)(15)(K) of the Act. The District Director approved the petition on November 3, 1971 and the applicant was admitted to the United States as a fiancee on January 1, 1972. She married her petitioner/husband in Arkansas on February 17, 1972. He was killed in a military aircraft accident on February 18, 1972. She is living with parents of her deceased spouse.

This record clearly establishes that applicant was lawfully admitted as a fiancee under section 101(a)(15)(K) and has complied with all the applicable provisions of section 214(d) which read as follows:

A visa shall not be issued under the provisions of section 101(a)(15)(K) until the consular officer has received a petition filed in the United States by the fiancee or fiance of the applying alien and approved by the Attorney General. The petition shall be in such form and contain such information as the Attorney General shall, by regulation, prescribe. It shall be approved only after satisfactory evidence is submitted by the petitioner to establish that the parties have a bona fide intention to marry and are legally able and actually

willing to conclude a valid marriage in the United States within a period of ninety days after the alien's arrival. In the event the marriage with the petitioner does not occur within three months after the entry of the said alien and minor children, they shall be required to depart from the United States and upon failure to do so shall be deported in accordance with sections 242 and 243. *In the event the marriage between the said alien and the petitioner shall occur within three months after the entry and they are found otherwise admissible, the Attorney General shall record the lawful admission for permanent residence of the alien and minor children as of the date of the payment of the required visa fees.* (Emphasis supplied).

The applicant did marry the petitioner within three months after entry. She is otherwise admissible. Having met these statutory requirements, section 214(d) directs the Attorney General to record the lawful admission for permanent residence of the applicant as of the date of the payment of the required visa fees. 8 CFR 245.2(d) provides that the District Director shall record the lawful admission of the applicant as of the date of approval of the application. It further provides that the fee previously paid for filing the application shall be considered payment of the required visa fees, as of the date of approval of the application.

ORDER: It is ordered that the application be approved and that applicant's lawful admission for permanent residence be recorded as of May 30, 1972.